**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

SAMUEL LOPEZ,

                                 **Plaintiff,**

           -against-

2100 2ND AVE LLC, et al.,

                              **Defendants.**

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___ 12/18/2025

**24-CV-01375 (JLR)(SN)**

**REPORT AND**
**RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge:**

**TO THE HONORABLE JENNIFER L. ROCHON**

Plaintiff Samuel Lopez filed this action for injunctive relief claiming that Defendants,

2100 2nd Ave and Robust Burger Inc. ("Defendants") discriminated against Lopez by failing to

remove barriers to access in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181,

et seq. (the "ADA"). Defendants failed to appear, and the Honorable Jennifer L. Rochon entered

an order of default. The matter has been referred to me for an inquest as to injunctive relief,

attorney's fees, and costs.

**BACKGROUND**

**I.      Factual Background**

Plaintiff is a paraplegic and is dependent on a wheelchair to ambulate. ECF No. 1,

Compl. ¶ 2. Defendant Robust Burger Inc. is a New York corporation that operates a restaurant

known as Robust Schwarma (the "Restaurant") and leases the space at 2102 2nd Ave, New

York, NY 10029. Id. ¶ 4. Defendant 2100 2nd Ave LLC owns the property leased by Robust

Burger for the Restaurant. Id. ¶ 3. Although not clearly stated, Plaintiff appears to identify three

barriers that violate the ADA: (1) an inaccessible entrance, including means of egress and maneuvering clearance at the entrance door; (2) an inaccessible service counter, including non-compliant countertop height and depth; and (3) an inaccessible window front dining counter, including non-compliant height, clearance, and opportunity. Id. ¶ 14. The complaint specifically alleges that the restaurant has an "[e]xisting step at entrance [that] acts as a barrier to accessibility." Id. ¶ 14(4). Otherwise, the rest of the complaint identifies the ADA Accessibility Guidelines ("ADAAG") but does not state how the Restaurant failed to comply with them. Still, Plaintiff alleges that remediation of the barriers can be accomplished "without much difficulty or expense." Id. ¶ 16.

Plaintiff visited the Restaurant in February 2022 and again in June 2022. Id. ¶ 5. On both occasions, Plaintiff was "constrained, hindered, and thwarted by structural barriers" that "prevented access" to the Restaurant. Id.

## II.    Procedural Background

Plaintiff filed a complaint on February 23, 2024, seeking injunctive relief. ECF No. 1. On March 1, 2024, he served the summons and Complaint on each Defendant. ECF Nos. 8-9. After Defendants failed to appear or answer, the Clerk of Court issued Certificates of Default as to both Defendants. ECF Nos. 21, 23. On July 12, 2024, Plaintiff moved for a default judgment and served the motion and supporting papers on Defendants on August 1, 2024, and August 5, 2024. ECF Nos. 27, 30, 32. The Court issued an Order to Show Cause why default should not be entered. ECF No. 29. Plaintiff served this Order on Defendants on August 1, 2024, and August 5, 2024, and Defendants never appeared or answered. ECF Nos. 30, 32. On November 26, 2024, the Court entered default against Defendants and referred this case to my docket for an inquest as to injunctive relief, attorney's fees, and costs. ECF Nos. 37-38. On December 27, 2024, Plaintiff

filed proposed findings of fact and conclusions of law and served it on Defendants on January

30, 2025. ECF Nos. 41, 43. The Court granted Defendants 14 days from service to respond. ECF

No. 44. To date, Defendants have not appeared.

## DISCUSSION

### I.     Legal Standard

The Court of Appeals set forth the procedural rules applicable to the entry of a default

judgment in City of New York v. Mickalis Pawn Shop, LLC:

> "Federal Rule of Civil Procedure 55 is the basic procedure to be followed when
> there is a default in the course of litigation." Vt. Teddy Bear Co. v. 1–800 Beargram
> Co., 373 F.3d 241, 246 (2d Cir. 2004). Rule 55 provides a "two-step process" for
> the entry of judgment against a party who fails to defend: first, the entry of a default,
> and second, the entry of a default judgment. New York v. Green, 420 F.3d 99, 104
> (2d Cir. 2005). The first step, entry of a default, formalizes a judicial recognition
> that a defendant has, through its failure to defend the action, admitted liability to
> the plaintiff. . . . The second step, entry of a default judgment, converts the
> defendant's admission of liability into a final judgment that terminates the litigation
> and awards the plaintiff any relief to which the court decides it is entitled, to the
> extent permitted by Rule 54(c).

645 F.3d 114, 128 (2d Cir. 2011).

Once a party is in default, "a district court must accept as true all of the factual

allegations of the non-defaulting party" and may enter a default judgment based on those well-

pleaded allegations, if sufficient to establish a defendant's liability. Belizaire v. RAV

Investigative and Sec. Servs. Ltd., 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014).

### I.     Liability

The Complaint's allegations are sufficient to establish Defendants' liability for the

Restaurant's inaccessible entrance. Title III of the ADA provides that "[n]o individual shall be

discriminated against on the basis of disability in the full and equal enjoyment of the goods,

services, facilities, privileges, advantages, or accommodations of any place of public

accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers … where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv).

The Complaint adequately alleges that Lopez is disabled within the meaning of the ADA. Compl. ¶ 2. It also adequately alleges that the Restaurant is a place of public accommodation, id. ¶ 7, and that its entrance is inaccessible, id. ¶ 14 (describing the "[e]xisting steps at entrance act as a barrier to accessibility" and absence of a ramp); see 28 C.F.R. § 36.305(c)(1) ("a public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures, include, for example, installing an entrance ramp"). Lopez, however, fails to sufficiently allege any facts related to the Restaurant's service counter or window front dining counter. Thus, the complaint fails to state a claim that the Restaurant violated the law beyond the entrance accessibility. See Lopez v. Hooshang Realty Corp., No. 24-cv-2038 (PAE), 2024 WL 4553930, at *2 (S.D.N.Y. Oct. 22, 2024) (finding ADA claims "conclusory and insufficient" where they did "no more than restate the ADA's Accessibility Guidelines, without setting out concrete facts about the dining surfaces of the restaurant at issue"). Accordingly, I recommend that default judgment be entered as to Lopez's ADA claim to the extent it concerns the Restaurant's entrance but denied as to the service counter and window front dining counter.

## II.     Injunctive Relief

Lopez is entitled to "injunctive relief . . . include[ing] an order to alter facilities to make such facilities readily accessible and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2); see, e.g., Rutledge v. Haru Inc., 20-cv-7641 (AJN), 2021 WL 4429328, at *2

(S.D.N.Y. Sept. 27, 2021). Consistent with the Court's liability determination, injunctive relief is warranted as to the Restaurant's entrance.

Lopez's brief in support of the entry of default proposes that Defendants be ordered to submit to Plaintiff's counsel an architectural plan that remedies the violation within 90 days of an order of final judgment, and that Plaintiff be given 30 days to consent to the plan or seek further relief from the Court. ECF No. 28 at 9. Defendants would then make the necessary alterations within 60 days of Plaintiff's consent or any ruling on Plaintiff's request for further relief. Id. This procedure has been approved by other courts in this Circuit, and the Court finds it reasonable. Hooshang Realty Corp., 2024 WL 4553930, at *2; Rouse v. Jay Street Fresh 9 Cents Pizza Inc., No. 23-cv-6548 (FB)(MMH), 2025 WL 815944, at *7 (E.D.N.Y. Mar. 14, 2025).

Accordingly, I recommend that the Court enter an injunction ordering (i) Defendants, within 90 days of the Court's entry of judgment, to submit to Plaintiff's counsel an architectural plan that remedies the Restaurant's entrance barriers; (ii) Plaintiff, within 30 days from receipt of Defendants' plan, to either consent to the plan or seek further relief from the Court, and (iii) Defendants, within 60 days of Plaintiff's consent or any ruling on Plaintiff's request for further relief, to complete the necessary alterations.

## III.    Fees and Costs

The ADA allows a prevailing party in an action to recover reasonable attorneys' fees, including litigation expenses and costs. See 42 U.S.C. § 12205. The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 186 (2d Cir. 2007). Additional considerations are the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the

experience, reputation, and ability of the attorney, and awards in similar cases. Gomez v. Kedo,

No. 24-cv-1556 (LGS), 2025 WL 2466141, at *2 (S.D.N.Y. May 15, 2025) (citation omitted).

Plaintiff seeks an award of $10,314.26 in legal fees and costs and attached

contemporaneous time records to an attorney affidavit. The time records show that Plaintiff's

counsel, Maria-Costanza Barducci, spent 13.7 hours on legal tasks, for which she seeks

reimbursement at the hourly rate of $525 ($7,192.50). The records also show that she spent 5.2

hours on administrative tasks, for which seeks reimbursement at the hourly rate of $125

($650.00). Finally, Plaintiff's submission shows $2,471.76 in costs, comprised of a $402 filing

fee, $500 in service fees, $69.76 for postage, and $1,500 for a consultant report. Plaintiff's

counsel states in her declaration that she has been practicing for eight years and brought at least

100 ADA cases.

### A. Hourly Rate

To determine a reasonable hourly rate, courts consider "market rates prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience, and

reputation." Hennessy ex rel. Hennessy v. 194 Bedford Ave Rest Corp., No. 21-cv-5434

(FB)(RML), 2022 WL 4134502, at *6 (E.D.N.Y. Aug. 8, 2022) (internal quotation marks

omitted). Although Ms. Barducci alleges that she is an experienced ADA litigator, her requested

hourly rate exceeds the range typically awarded to plaintiffs' attorneys of similar experience in

this District. See Gomez, 2025 WL 2466141, at *2 (finding that Ms. Barducci's eight years of

experience favors an hourly rate of $375). First, the Complaint failed to state a claim for certain

alleged violations, undermining counsel's claim of experience. Second, the work performed on

this matter was not complex given that the judgment was obtained by default and there were no

disputed legal issues. This counsels in favor of a lower hourly rate than requested. Id.

I recommend an hourly rate of $375 for legal work be awarded because it is consistent with Ms. Barducci's experience, the nature of the work done in this case, and rates typically awarded in this District.

As for non-legal work, Ms. Barducci billed several tasks as administrative and seeks reimbursement at $125 per hour. Courts in this District typically apply paralegal rates to administrative work. See Mockingbird 38, LLC v. Int'l Bus. Times, Inc., No. 21-cv-283 (LJL), 2022 WL 154137, at *7 (S.D.N.Y. Jan. 18, 2022) (reducing rates to $100 for tasks that were "administrative in nature but billed" at a higher rate"); Rosado v. City of New York., No. 11-cv-4285 (SAS), 2012 WL 955510, at *5 (S.D.N.Y. Mar. 15, 2012) (approving $125 hourly rate for paralegal tasks). Because the work here was administrative in nature and the requested rate falls within the range typically approved in this District, I recommend awarding a $125 hourly rate for administrative tasks as requested.

## B. Hours

"Once the Court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee." Hashimi v. CLMO, LLC, No. 20-cv-1703 (DG), 2021 WL 3478174, at *5 (S.D.N.Y. July 19, 2021). "The number of hours spent on a lawsuit are considered unreasonable if they are excessive, redundant, or unnecessary." Treyger v. First Class Furniture and Rugs Inc., No. 21-cv-2902, 2022 WL 543026, at *8 (E.D.N.Y. Jan. 10, 2022). If the Court finds, in part, that the time spent on tasks is unreasonable, it has "the discretion to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming'" the award. Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (internal citation omitted).

7

Having reviewed the records, the Court finds that the time Ms. Barducci spent on this litigation is reasonable and not excessive.

Accordingly, I recommend that the Court award $5,137.50 for legal work and $650 for administrative tasks resulting in a total of $5,787.50 for Ms. Barducci's fees.

### C. Costs

Under the ADA, Plaintiff is also entitled to recover the costs incurred during this litigation. 42 U.S.C. § 12205. Such costs, however, must be substantiated with proper documentation. Plaintiff submitted only an itemized list—covering the filing fee, service expenses, postage, and an expert report—without providing any corresponding receipts or invoices. The Court may take judicial notice of the filing fee, and reimbursement of that expense is warranted. Phillips v. TraxNYC Corp., No. 21-cv-528 (LDH)(MMH), 2023 WL 1987206, at *11 (Feb. 14, 2023), report and recommendation adopted, 2023 WL 253066 (E.D.N.Y. Mar. 14, 2023).

But the remaining requested costs are not substantiated by documentation. Plaintiff provided no invoices for the service fees or postage. Moreover, Plaintiff requests $1,500 for an expert report fee, but that report was not submitted to the Court or even relied upon in the proposed findings of fact. Counsel's time records do not reflect any time speaking with an expert or reviewing the expert report. As such, I recommend that no amount be awarded with respect to these other costs. See Hashimi v. Conandy Realty LLC, No. 23-cv-2300 (LDH)(MMH), 2025 WL 914697, at *6 (E.D.N.Y. Mar. 26, 2025).

Accordingly, I recommend that the costs in the amount of $402 be awarded.

## CONCLUSION

Based on the evidence presented and the applicable law, I recommend that the Court enter judgment in favor of Samuel Lopez against Defendants and issue an injunction ordering the following:

1. Defendants must (i) submit to Plaintiff's counsel, within 90 days of the Court's entry of judgment, an architectural plan that remedies the Restaurant's entrance barriers; (ii) allow Plaintiff 30 days from receipt of the plan to either consent or seek further relief from the Court; and (iii) make the necessary alterations within 60 days of Plaintiff's consent or any ruling on Plaintiff's request for further relief.

2. Award Plaintiff $5,787.50 in attorneys' fees and $402 in costs.

Plaintiff shall serve this Report and Recommendation on Defendants in the manner directed by the Court's prior order on service, see ECF No. 44, and file proof of service on the docket.

SARAH NETBURN
United States Magistrate Judge

DATED:    December 18, 2025
          New York, New York

9

\*            \*            \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have 14 days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 6(a), 6(d). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2); see Fed. R. Civ. P. 6(a), 6(d). These objections shall be filed with the Court and served on any opposing parties. See Fed. R. Civ. P. 72(b)(2). Courtesy copies shall be delivered to the Honorable Jennifer L. Rochon if required by that judge's Individual Rules and Practices. Any requests for an extension of time for filing objections must be addressed to Judge Rochon. See Fed. R. Civ. P. 6(b). The failure to file timely objections will waive those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. James, 712 F.3d 79, 105 (2d Cir. 2013).