UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL LOPEZ,

                              Plaintiff,

                    -against-

2100 2ND AVE LLC, et al.,

                              Defendant(s).

Case No. 1:24-cv-01375 (JLR) (SN)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

JENNIFER L. ROCHON, United States District Judge:

This motion for default judgment and damages was originally referred to Magistrate

Judge Netburn for a Report and Recommendation.  *See* Docket No. 33.  On November 25, 2024,

after adopting Magistrate Judge Netburn's recommendation to grant default judgment, *see*

Docket No. 36, the Court referred the matter back to Magistrate Judge Netburn for an inquest

and a Report and Recommendation as to damages, injunctive relief, and/or attorney's fees, *see*

Docket No. 37.  In the Report and Recommendation filed on December 18, 2025, Magistrate

Judge Netburn recommended that the Court (1) find that default judgment against the Defendants

be limited to Lopez's claims regarding the Restaurant's entrance but not the service counter and

window front dining counter; (2) issue an injunction ordering that Defendants propose an

architectural plan to remedy the barriers to Plaintiff's entrance and implement that plan provided

Plaintiff consents to it, and (3) award Plaintiff $5,787.50 in attorney's fees and $402 in costs.

*See* Docket No. 47.

In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate

judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United*

*States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to

which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Docket No. 47. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Complaint, the Plaintiff's Proposed Findings of Fact and Conclusions of Law, and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. The Report and Recommendation finds that Plaintiff adequately pleaded that he is disabled within the meaning of the ADA, that Defendant's restaurant is a place of public accommodation, and that its entrance is inaccessible; it finds further that Plaintiff did not plead sufficient facts to support his allegation that the Defendant's restaurant additionally violated the ADA by virtue of its service counter and window front dining counter. *See* Docket No. 47 at 4. The procedure Magistrate Judge Netburn recommended concerning injunctive relief is in line

with similar procedures used by courts in this Circuit, and Magistrate Judge Netburn's reduction of Plaintiff's requests for attorney's fees and costs is reasonable.  Accordingly, the Report and Recommendation is ADOPTED in its entirety.

Therefore, the Court hereby ORDERS that judgment in favor of Plaintiff be entered against Defendants with respect to the entrance of the restaurant and not the service counter or window front dining counter.  The Court further grants the following injunction against the Defendants:

> Defendants must (i) submit to Plaintiff's counsel, within 90 days of the Court's entry of judgment, an architectural plan that remedies the Restaurant's entrance barriers; (ii) allow Plaintiff 30 days from receipt of the plan to either consent or seek further relief from the Court; and (iii) make the necessary alterations within 60 days of Plaintiff's consent or any ruling on Plaintiff's request for further relief.

Finally, the Court awards Plaintiff $5,787.50 in attorneys' fees and $402 in costs.

The Clerk of Court is directed to close the case.

Dated: January 6, 2026
      New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge